UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
CAROLE COX,

                                                 2016 Civil Action No. 2501

                                Plaintiff,

            -against-

THE CITY OF NEW YORK, INTERIOR
ALTERATIONS, INC., SKYWORKX CONTRACTING,
INC., SPRING SCAFFOLDING, LLC, TOP SHELF
ELECTRIC CORP., PAUL COMPTON, ANDREA
COMPTON, IA CONSTRUCTION MANAGEMENT,
INC.,

                                Defendants
------------------------------------------------------------------------X


**MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO REMAND**


                                            SULLIVAN PAPAIN BLOCK
                                            McGRATH & CANNAVO P.C.
                                            120 Broadway, 18th Floor
                                            New York, New York 10271

                                            Eric C. Goldman
                                            (212) 266-4134

## TABLE OF CONTENTS

                                                 **Page**

Preliminary Statement………………………………………………………………………..1

Arguments……...……………………………………………………………………………2

   I.  UNDER 28 U.S.C.A. § 1441(b)(2), THE ACTION MAY NOT BE REMOVED BECAUSE DEFENDANTS ARE CITIZENS OF THE STATE IN WHICH THE ACTION WAS BROUGHT

   II.  DEFENDANT MAKES NO SHOWING THAT ALL ANSWERING DEFENDANTS AGREE TO REMOVAL

Conclusion………………………………………………………………………………….5

## PRELIMINARY STATEMENT

In an Amended Notice of Removal filed May 17, 2016, with this Court, Petitioner IA CONSTRUCTION MANAGEMENT, INC. (hereinafter referred to as Petitioner "IA CONSTRUCTION") claimed that: (1) This Court has original jurisdiction over the action pursuant to 28 U.S.C. § 1332(a)(2) based on diversity of citizenship; and (2) all answering defendants have agreed to removal. The undersigned received the Amended Notice of Removal by email on May 24, 2016.

The action cannot be removed based on 28 U.S.C. § 1332(a) because all parties properly joined and served as defendants, including Petitioner IA CONSTRUCTION, are citizens of the State in which the action was brought: New York. Additionally, Defendant IA CONSTRUCTION has made no showing that all answering defendants have agreed to removal. Accordingly, Plaintiff hereby moves to remand the matter to the court of origin.

This Memorandum of Law is submitted in support of plaintiff's motion to remand this matter to its original forum, the Supreme Court of the State of New York, County of Kings, Civil Term. Plaintiff Carole Cox commenced the underlying action by service of a Summons and Complaint upon all defendants on February 3, 2016. The Summons and Complaint are annexed hereto as **Exhibit "A"**. Thereafter, Plaintiff served a Supplemental Summons and Amended Complaint upon all defendants on April 21, 2016. The Supplemental Summons and Amended Complaint are annexed hereto as **Exhibit "B"**. The claims contained therein stem from a trip and fall on a hazardous, uneven, broken and dangerous condition on the sidewalk adjacent to 435 Henry Street, Brooklyn, New York on April 25, 2015.

## **ARGUMENT**

I. UNDER 28 U.S.C. § 1441(b)(2), THE ACTION MAY NOT BE REMOVED BASED UPON DIVERSITY BECAUSE DEFENDANTS ARE CITIZENS OF THE STATE IN WHICH THE ACTION WAS BROUGHT.

1. Petitioner, IA CONSTRUCTION seeks removal of this action based upon 28 U.S.C § 1332(a). As a result, Petitioner is obligated to satisfy the requirements of 28 U.S.C. § 1441(b)(2):

> "A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendant is a citizen of the State in which such action is brought."
> 28 U.S.C. § 1441(b)(2).

2. All of the answering defendants in the lawsuit that was commenced in New York State Supreme Court are citizens of New York State – including Petitioner IA CONSTRUCTION, who is seeking removal of this action to Federal Court.

3. Petitioner IA CONSTRUCTION explicitly acknowledges that it is a "New York corporation, with its offices and principal place of business located at 45 Main Street, Suite 402, Brooklyn, New York," in the very papers it has filed with the Court in support of removal. See Petitioner's Amended Notice of Removal, pg. 2, paragraph 3.

4. In its Verified Answer with Cross Claims, dated May 9, 2016, Petitioner IA CONSTRUCTION admitted that on April 25, 2015 (the date of the incident) it "was and is a domestic business corporation duly organized and existing under and by virtue of the law of the State of New York." A copy of Petitioner IA CONSTRUCTION's Verified Answer with Cross-Claims is annexed hereto as **Exhibit "C"** (See Exhibit "C"; page 2, paragraph 9).

5. In its Verified Answer to the Amended Complaint, dated May 10, 2016, Defendant Spring Scaffolding, LLC (hereinafter Defendant "SPRING") admits that it is a

domestic limited liability company duly organized and existing under and by virtue of the laws of the State of New York, with reference to paragraph 6 of Plaintiff's Supplemental Summons and Amended Complaint. A copy of Defendant SPRING's Verified Answer to the Amended Complaint is annexed hereto as **Exhibit "D"**.

6. In their Answer to Amended Verified Complaint, dated May 3, 2016, Defendants PAUL COMPTON and ANDREA COMPTON admit that they are residents "of the State of New York, County of Kings," with reference to paragraphs 2 and 3 of Plaintiff's Supplemental Summons and Amended Complaint. A copy of Defendants PAUL COMPTON and ANDREA COMPTON's Answer to Amended Verified Complaint is annexed hereto as **Exhibit "E"**.

7. Defendant CITY OF NEW YORK (hereinafter referred to as Defendant "CITY") is a municipality existing under and pursuant to the laws of the State of New York.

8. In its Verified Answer to Amended Verified Complaint, dated May 13, 2016, Defendant TOP SHELF ELECTRIC CORP. (hereinafter referred to as Defendant "TOP SHELF") admits that it is a "domestic business corporation duly organized and existing under and by virtue of the law of the State of New York, with reference to paragraph 7 of Plaintiff's Supplemental Summons and Amended Complaint. A copy of Defendant TOP SHELF's Verified Answer to Amended Complaint is annexed hereto as **Exhibit "F"**.

## APPLICABLE LAW

9. On a motion to remand, "the burden falls on the removing party to establish its right to a federal forum by competent proof." *In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.*, No. 1:00-1898, MDL 1358(SAS), M 21-88, 2006 WL 1004725, at *2 (S.D.N.Y. Apr. 17, 2006) (quoting *R.G. Barry Corp. v. Mushroom Makers*, Inc., 612 F.2d 651, 655 (2d Cir. 1979)) (additional quotations omitted).

10. Removal based upon diversity jurisdiction under 28 U.S.C. § 1441(b) is not permitted "when at least one defendant is a citizen of the state in which the action is brought." *Federal Insurance Co. v. Tyco International Ltd.*, No. 04-CV-9086 (KMK), 422 F.Supp.2d 357, at 395 (S.D.N.Y Mar. 21, 2006), quoting *State Farm Fire and Cas. Co. v. Saunders*, No. 02-2121, 2002 WL 1351556, at *2 (D.Kan. June 17, 2002).

11. Petitioner IA CONSTRUCTION's Amended Notice of Removal declares that this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a)(2), but Petitioner has not demonstrated complete diversity of the parties in interest.

12. On the contrary, Petitioner IA CONSTRUCTION explicitly acknowledges that it is a citizen of the state in which the action was brought – New York -- in the very papers it has submitted in support of removal.

13. Additionally, Petitioner IA CONSTRUCTION does not address the fact that each of the other named defendants is also a New York State resident.

14. This action was properly venued in New York State Supreme Court, Kings County, based on the residence of numerous parties in interest, as well as the location of occurrence, being that the City of New York is a named party. CPLR §§ 503(c), 504(3). As such, removal to the Eastern District of New York is improper and the case should be remanded to the court of origin.

II. PETITIONER MAKES NO SHOWING THAT ALL ANSWERING DEFENDANTS AGREE TO REMOVAL.

15. Petitioner's Supplemental Notice of Removal contains a bare statement that "all answering defendants have agreed to removal of this matter." Petitioner has not demonstrated in admissible evidentiary fashion, that a single other answering defendant has consented to removal of this matter.

4

16.  The Court file does not reflect unanimous agreement of the other defendants either. To date, attorneys for Defendants PAUL COMPTON and ANDREA COMPTON are the only office to have appeared in the Eastern District on this matter – they have not consented either.

17.  Removal is not appropriate regardless of whether all defendants agree, as each of the answering defendants is a resident of New York State. Nonetheless, Petitioner has failed to adequately show that the other defendants have consented.

18.  For all the foregoing reasons, removal is improper and the action should be remanded to the Court of origin – New York State Supreme Court, Kings County.

## CONCLUSION

**WHEREFORE**, Plaintiff respectfully requests that this matter be remanded to New York State Supreme Court, Kings County, and that Plaintiff be awarded any relief as the Court deems just and proper.

Dated: New York, New York  
      June 15, 2016

SULLIVAN PAPAIN BLOCK  
McGRATH & CANNAVO P.C.

By: _____  
    Eric C. Goldman (EG4745)  
egoldman@triallaw1.com  
Attorneys for Plaintiff  
120 Broadway  
New York, New York 10271  
(212) 732-9000