DJF

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
CAROLE COX,

                Plaintiff,

        -against-

THE CITY OF NEW YORK, INTERIOR
ALTERATIONS, INC., SKYWORX CONTRACTING,
INC., SPRING SCAFFOLDING, LLC, TOP SHELF
ELECTRIC CORP., PAUL COMPTON, ANDREA
COMPTION, and IA CONSTRUCTION
MANAGEMENT, INC.,

                Defendants.
------------------------------------------------------------------X

**ORDER**

16-CV-2501 (NGG) (SMG)

NICHOLAS G. GARAUFIS, United States District Judge.

On May 17, 2016, Defendant IA Construction Management, Inc. ("IA"), removed the instant personal injury action to this court from the Supreme Court of New York, County of Kings, pursuant to 28 U.S.C. § 1332(a)(2). (Notice of Removal (Dkt. 1) ¶¶ 6-7.) On June 15, 2016, Plaintiff Carole Cox moved to remand the case back to state court. (Mot. to Remand (Dkt. 6).) IA opposed Plaintiff's motion. (See Mem. in Opp'n to Mot. to Remand ("IA's Opp'n") (Dkt. 8).) For the reasons discussed below, Plaintiff's motion is GRANTED.

A federal court has diversity jurisdiction over any civil action where the amount in controversy exceeds $75,000, and the adverse parties are citizens of different states. 28 U.S.C. § 1332(a)(1); see also Wolde-Meskel v. Vocational Instructional Project Cmty. Servs., Inc., 166 F.3d 59, 61-62 (2d Cir. 1999). However, "[a] civil action otherwise removable solely on the basis of [diversity] jurisdiction . . . may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). In other words, an action is not removable on diversity grounds if the state

action was brought in the home forum of any defendant. Shapiro v. Logistec USA, Inc., 412 F.3d 307, 310 (2d Cir. 2005). Here, IA admits that it is a citizen of New York and that the lawsuit was filed in the Supreme Court of New York, County of Kings. (See Notice of Removal ¶¶ 2-3.) Accordingly, IA may not remove this action on grounds of diversity, and Plaintiff's motion must be granted.[1]

For the foregoing reasons, Plaintiff's motion to remand is GRANTED, and the entire action is REMANDED to the Supreme Court of New York, County of Kings. The Clerk of Court is respectfully DIRECTED to send a certified copy of this Order to the Clerk of Court of the Supreme Court of New York, County of Kings, 360 Adams Street, Brooklyn, New York 11201, and to close the case in this court pursuant to 28 U.S.C. § 1447(c).

SO ORDERED.

Dated: Brooklyn, New York
November 14, 2016

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge

---

[1] IA advances no argument as to why § 1441(b)(2) does not apply here. Instead, IA attacks Plaintiff's motion as procedurally defective because Plaintiff supposedly failed to adhere to this court's Individual Rules relating to pre-motion conferences, and because she failed to attach an attorney affirmation in accordance with this district's Local Rule 7.1. (IA's Opp'n at 2-4.) Both arguments are without merit. As to the first, IA confuses a motion to remand to state court pursuant to 28 U.S.C. § 1447, with a motion for a change of venue pursuant to 28 U.S.C. § 1404. (Id. at 2 (characterizing Plaintiff's motion to remand as one "being made for change of venue").) No motion for a change of venue was made here, only a motion to remand to state court. See E. Sav. Bank, FSB v. Estate of Kirk, 821 F. Supp. 2d 543, 546 n.1 (E.D.N.Y. 2011) (motion for change of venue "applies only to courts within the federal court system and makes no provision for transfer between federal and state court system." (citation and internal quotation marks omitted)). While IA correctly notes that a party must seek a pre-motion conference before moving for a change of venue, this court does not require such a conference for a motion to remand. (See Individual Rules (Ex. A to IA's Opp'n (Dkt. 8-2)) at III.A.2.) Thus, the court's Individual Rule on pre-motion conferences was not implicated. As to IA's Local Rule 7.1 argument, Plaintiff's failure to include an attorney affirmation when attaching documents filed in state court is no reason to deny her motion to remand. As an initial matter, "[a] district court has broad discretion to determine whether to overlook a party's failure to comply with local court rules." Holtz v. Rockefeller & Co., Inc., 258 F.3d 62, 73 (2d Cir. 2001). Regardless, the court has not relied upon any of the exhibited documents in deciding Plaintiff's motion to remand, and even if it had, the court may take judicial notice of the documents filed in state court. See Blue Tree Hotels Inv. (Canada), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc., 369 F.3d 212, 217 (2d Cir. 2004). IA has not suffered any prejudice, and the court rejects its technical objections to Plaintiff's motion.